UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

AJAYA RANA,
Petitioner,
v.
WARDEN, OTAY MESA DETENTION CENTER, et al.,
Respondent.

Case No.: 26-cv-4873-RSH-AHG

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On August 26, 2026, petitioner Ajaya Rana, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. For the reasons set forth below, the Court denies the Petition.

**I. BACKGROUND**

This is Petitioner's fourth petition for writ of habeas corpus challenging his detention. *See Rana v. LaRose*, Case No. 3:26-cv-00285-RSH-DDL (S.D. Cal. Jan. 16, 2026) ("First Petition"); *Rana v. LaRose*, Case No. 3:26-cv-02563-RSH-DDL (S.D. Cal. Apr. 22, 2026) ("Second Petition"); *Rana v. LaRose*, Case No. 3:26-cv-03829-RSH-DDL (S.D. Cal. July 1, 2026) ("Third Petition"). This Court granted Petitioner's First Petition and ordered the Government to hold a bond hearing. *See* 3:26-cv-00285, at Dkt. No. 5. After the Government held a bond hearing and an Immigration Judge ("IJ") denied bond,

Petitioner filed a motion to enforce judgement in this Court. *Id.* at Dkt. No. 7. This Court denied that motion on the ground that Petitioner failed to exhaust his administrative remedies by failing to appeal the IJ's adverse bond determination to the Board of Immigration Appeals ("BIA").

This Court dismissed Petitioner's Second Petition summarily because it raised nearly identical arguments to his First Petition. *See* 3:26-cv-02563, at Dkt. No. 3. This Court also denied Petitioner's motion to reconsider that dismissal. *Id.* at Dkt. No. 9. This Court dismissed Petitioner's Third Petition as well, *see* 3:26-cv-03829, at Dkt. No. 7, which raised substantially similar arguments to the First Petition and Second Petition, because Petitioner failed to exhaust administrative remedies and nonetheless failed to meet his burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

The instant Petition raises substantially similar arguments to the First, Second, and Third Petitions. As before, the Court declines to reach the merits of Petitioner's unexhausted legal challenges to the IJ's adverse bond determination.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond without first appealing that denial to the BIA. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision. . . . When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.").

Consistent with *Leonardo*, the Court declines to consider this challenge before the BIA has had an opportunity to address it. To the extent that Petitioner chose not to appeal the adverse bond determination to the BIA, the Court declines act as a parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so

would effectively encourage the deliberate bypass of the administrative review process—a process that is designed to allow the agency to correct its own errors. The Court declines to waive the prudential exhaustion requirement.

The Court lacks habeas jurisdiction over Petitioner's challenges to the conditions of his confinement.[1] *See Pinson v. Carvajal*, 69 F.4th 1069, 1067–69 (9th Cir. 2023).

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 14, 2026

Hon. Robert S. Huie
United States District Judge

---

[1] Petitioner's second cause of action is labeled "health problems" and describes problems that Petitioner has had with his left eye during confinement. *See* ECF No. 1, at 6. The Petition does not allege that Petitioner has been denied access to medical care or any other discernible violation of law. *See generally id.* Nonetheless, to the extent that this cause of action was intended to challenge the conditions of Petitioner's confinement, the Court lacks habeas jurisdiction over this claim for the same reasons stated.